UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
KENYA THOMAS, TYANA MILLER,

        Plaintiffs,                                              **COMPLAINT**

   -against-                                                           Case No.:

THE CITY OF NEW YORK, JANE AND JOHN DOE(S)
#1 through 10,

        Defendants.
_____X

PLAINTIFFS KENYA THOMAS and TYANA MILLER, by their attorney DAVID A. ZELMAN, Esq., for their COMPLAINT, allege upon information and belief, as follows:

### I. PRELIMINARY STATEMENT

1. This is a civil rights action in which PLAINTIFFS KENYA THOMAS and TYANA MILLER (hereinafter "Plaintiffs") seek damages to redress the deprivation, under color of state law, of rights secured to them under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about February 2, 2017 at approximately 9:00AM., inside of 60 Moore St, Apt 6C in Brooklyn, New York. THOMAS and MILLER were illegally strip searched and sexually assaulted by Defendants THE CITY OF NEW YORK (hereinafter "Defendants"). While in custody Plaintiffs were unlawfully detained for approximately four hours. It is further alleged that Plaintiffs were strip searched, including a body cavity search and sexually assaulted by Defendant JANE DOE.

1

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3. THOMAS at all times resided at 60 Moore Street, Apt. 6C in Brooklyn, New York.

4. MILLER at all times resided at 102 Monument Walk, Apt. 1A, Brooklyn, New York.

5. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

6. Defendants POLICE OFFICERS JANE/JOHN DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

7. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of

the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## V. FACTS

8. On or about February 2, 2017, at approximately 9:00 AM, Plaintiffs were inside the residence known as 60 Moore St, Apt. 6C in Brooklyn, New York. At that time a group of approximately ten to fifteen New York Police Department officers, (hereinafter "Defendants" and/or "Officers") without warning, broke down the door and forcibly entered the apartment. The Officers were dressed in tactical gear, including masks. It is presently unknown whether Defendants possessed any warrant to allow this entry.

9. Officers entered THOMAS' bedroom, pointed firearms at her and commanded her not to move. Officers in plainclothes entered the bedroom, placed Thomas in excessively tight handcuffs and moved her to the bedroom of her sister. A JANE DOE officer described as white or Hispanic and approximately thirty years old arrived a some minutes later. At this time, THOMAS did not have any clothes on and asked the Officers if she could put on her nightgown. The Officers said no she could not get dressed and told her to turn around and not to move. Defendant JANE DOE invasively searched THOMAS in full view of her family members and of a male police officer standing by the door. The search included touching between THOMAS' thighs and touching her vagina.

10. At the aforementioned time, date and place, MILLER, 27 years old, was present visiting her boyfriend, Ira Thomas. At the time police entered the apartment, MILLER was in bed with Ira Thomas and wearing nothing. A male officer,

described as tall, husky, Hispanic, and dressed in a police uniform, entered the bedroom and removed the blanket off of MILLER and Ira Thomas. MILLER protested that she had no clothes, but the officer would not permit her to put on clothes. MILLER held a blanket up to her body to cover herself but one of the male officers pulled the blanket from her.

11. Approximately four or five male officers were in or about the bedroom and able to observe MILLER naked. Approximately ten to twenty minutes later, a male plainclothes officer, described as slim, Hispanic and wearing a black ball cap entered and placed MILLER in handcuffs. Approximately twenty minutes later, MILLER was searched by a defendant JANE DOE, a female police officer, also described as White and/or Hispanic and approximately 30-years-old. This body cavity search included penetrating Miller's vagina with the officer's fingers despite Miller's protest.

12. Plaintiffs were both detained for approximately 4 hours. While the Plaintiffs were detained, the officers searched the apartment, including inside drawers and cabinets. In the course of the search, the officers brought a police dog to the apartment. In the process of searching the apartment, the officers destroyed and/or damaged Plaintiffs' property, including a television, a dresser, and bedroom furniture. The officers asked Plaintiffs and others present, "Where are the guns?" and, "Where are the drugs?" but never presented a warrant or stated exactly why they were searching the apartment or what they were looking for. The officers did not find drugs, guns, or any other contraband in the apartment. Plaintiffs were not charged with any offense nor removed from the apartment.

13. THOMAS experienced pain as a result of being placed in excessively tight handcuffs for an excessive time. Thomas also experiences post-traumatic stress-like symptoms when she encounters or observes police officers. Subsequent to this incident, Thomas sought medical treatment from her physician, Dr. Katherine Gold, for back and chest pain. Miller also received treatment from Woodhull Hospital approximately two days later.

14. That heretofore and on or about the 13th day of February and the 31st day of March 2017, Notices of Claim and Intention to Sue were duly served upon and filed with the CITY; said Notices were filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of THOMAS and MILLER, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

15. That at least thirty (30) days have elapsed since the demands or claims upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

I. FIRST CAUSE OF ACTION
Pursuant to §1983 (ILLEGAL STRIP SEARCH/ BODY CAVITY SEARCH)

16. Paragraphs 1 through 15 are hereby realleged and incorporated by reference herein.

17. That Defendants conducted illegal strip search/body cavity searches of Plaintiffs absent a requisite reasonable suspicion that Plaintiffs were concealing weapons

and / or contraband.

18. That Defendants had no legally sufficient cause to conduct a body cavity search of Plaintiffs.

19. That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs' to an illegal strip search, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

## II. SECOND CAUSE OF ACTION
Pursuant to State Law (SEXUAL ASSAULT AND BATTERY)

20. Paragraphs 1 through 19 are hereby realleged and incorporated by reference herein.

21. That Defendants intended to cause harmful bodily contact to Plaintiffs.

22. That Defendants, in a hostile manner, voluntarily caused Plaintiffs physical and garden variety psychological injuries.

23. That Defendants' contact with Plaintiffs constituted a battery in violation of the laws of the State of New York.

24. That by reason of the foregoing, Plaintiffs suffered physical injuries, emotional injuries, economic injury, humiliation, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## III. THIRD CAUSE OF ACTION
Pursuant to § 1983 (ILLEGAL SEARCH)

25. Paragraphs 1 through 24 are hereby realleged and incorporated by reference herein.

26. That Defendants excessively searched Plaintiffs' persons and property. Defendants failed to announce their presence. Defendants failed to terminate the search when it was required to do so.

27. That Defendants' searches of Plaintiffs' persons and property were unlawful in that Defendants did not obtain a valid search warrant before searching Plaintiffs' persons, lacked probable cause to search Plaintiffs' persons, and searched Plaintiffs' persons and property excessively and unreasonably.

28. That upon information and belief, Defendant CITY has a policy and/or custom of unlawfully searching persons and property. Plaintiffs specifically alleges a pattern and practice of unreasonable searches of persons and property pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658.

29. By reason of the unlawful search of Plaintiffs' persons and property, Defendants, acting in gross and wanton disregard of plaintiffs' rights, deprived Plaintiffs of their privacy and property, in violation of rights secured to them under the Fourth and Fourteenth Amendments of the United States Constitution.

IV. <u>FOURTH CAUSE OF ACTION</u>

Pursuant to State Law and 42 USC Section 1983 (UNLAWFUL SEARCH/PROPERTY DAMAGE)

30. Paragraphs 1 through 29 are hereby realleged and incorporated by reference herein.

31. Defendants unlawfully entered Plaintiffs' residence without the requisite suspicion or a valid warrant.

32. In so doing, defendants violated Plaintiffs' constitutionally protected rights to be free from an unlawful search of their property.

33. In obtaining the warrant, Defendants failed to apprise the issuing magistrate of correct and up to date information as to the person wanted. Defendants misled the magistrate intentionally and/or negligently in that the person wanted had not resided in the subject apartment for several years. The issuing magistrate, had he/she known relevant and accurate information for the subject property, would never have issued a warrant for the subject property and therefore the damages herein resulted from the Defendants' actions and/or omissions.

34. By reason of the foregoing, plaintiffs' constitutionally protected rights to be free from an unlawful search and seizure of their property were infringed.

XI. FIFTH CAUSE OF ACTION
Pursuant to 42 USC Section 1983 (DUE PROCESS VIOLATION / FOURTH AMENDMENT RIGHTS)

35. Paragraphs 1 through 34 are hereby realleged and incorporated by reference herein.

36. That Defendants entered Plaintiffs' apartment forcefully, without a valid warrant or legal basis to do so.

37. In obtaining the warrant, Defendants failed to apprise the issuing magistrate of correct and up to date information as to the person wanted. Defendants misled the magistrate intentionally and/or negligently in that the person wanted had not resided in the subject apartment for several years. The issuing magistrate, had

he/she known relevant and accurate information for the subject property, would never have issued a warrant for the subject property and therefore the damages herein resulted from the Defendants' acts and/or omissions.

38. That said forced entry into Plaintiffs' apartment was made without exigent circumstances.

39. That said warrantless entry constituted a search and seizure of Plaintiffs' private property and violated Plaintiffs' rights.

40. By reason of Defendants' acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs' rights, searched and seized Plaintiffs' personal property without providing due process under the law, in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

41. By reason of the foregoing, Plaintiffs suffered shame, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer, physical pain, emotional pain, suffering, inconvenience, injury to their reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiffs have further experienced emotional and physical distress.

WHEREFORE, Plaintiffs respectfully request that judgment be entered:

1. Awarding Plaintiffs compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiffs interest from February 2, 2017; and

4. Awarding Plaintiffs reasonable attorney's fees pursuant to 42 U.S.C. §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED:  Brooklyn, New York
        November 6, 2017                                                /S

                                                    _____
                                                    DAVID A. ZELMAN, ESQ.
                                                    (DZ 8578)
                                                    612 Eastern Parkway
                                                    Brooklyn, New York 11225
                                                    (718)604-3072