UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
KENYA THOMAS, TYANA MILLER,

                              Plaintiffs,                                    **AMENDED
                                                                             COMPLAINT**

          -against-                                                          Case No.: 17 CV
                                                                             8593 (JPO)

THE CITY OF NEW YORK, POLICE OFFICER BRIDGET
PENNER, POLICE OFFICER ANDREW KAMNA,
SERGEANT DAVID CHEESEWRIGHT, POLICE OFFICER
LEONARD CLARKE and JANE DOE

                              Defendants.
_____X

        PLAINTIFFS KENYA THOMAS and TYANA MILLER, by their attorney DAVID A.

ZELMAN, Esq., for their AMENDED COMPLAINT, allege upon information and belief, as

follows:

I.  PRELIMINARY STATEMENT

1.       This is a civil rights action in which PLAINTIFFS KENYA THOMAS and

         TYANA MILLER (hereinafter "Plaintiffs") seek damages to redress the

         deprivation, under color of state law, of rights secured to them under the Fourth,

         Fifth, Sixth and Fourteenth Amendments of the United States Constitution.  On or

         about February 2, 2017 at approximately 9:00AM., inside of 60 Moore St, Apt 6C

         in Brooklyn, New York. THOMAS and MILLER were illegally strip searched

         and  sexually assaulted by Defendants THE CITY OF NEW YORK (hereinafter

         "Defendants").  While in custody Plaintiffs were unlawfully detained for

1

approximately four hours.  It is further alleged that Plaintiffs were strip searched, including a body cavity search and sexually assaulted by Defendant JANE DOE.

## II. JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.  This Court has pendent jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3.      THOMAS at all times resided at 60 Moore Street, Apt. 6C in Brooklyn, New York.

4.      MILLER at all times resided at 102 Monument Walk, Apt. 1A, Brooklyn, New York.

5.      Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

6.      Defendants POLICE OFFICERS/ SERGEANT CHEESEWRIGHT were  NYPD police officers and/or supervisors and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

7.      At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all

2

relevant times hereto, Defendant CITY was responsible for making and enforcing

the policies of NYPD and was acting under the color of law, to wit, under color of

the statutes, ordinances, regulations, policies, customs and usages of the State of

New York and/or the City of New York.

V. <u>FACTS</u>

8.      On or about February 2, 2017, at approximately 9:00 AM, Plaintiffs were inside

the residence known as 60 Moore St, Apt. 6C in Brooklyn, New York. At that time

a group of approximately ten to fifteen New York Police Department officers,

(hereinafter "Defendants" and/or "Officers") without warning, broke down the door

and forcibly entered the apartment. The Officers were dressed in tactical gear,

including masks.  From the available records, it appears Defendant Cheesewright

appears to have been involved with the planning and developing stages of this raid

as well as the raid itself.

9.      Officers entered THOMAS' bedroom, pointed firearms at her and commanded her

not to move. Officers in plainclothes entered the bedroom, placed Thomas in

excessively tight handcuffs and moved her to the bedroom of her sister.  Defendant

BRIDGETT PENNER/JANE DOE officer described as white or Hispanic and

approximately thirty years old arrived a some minutes later. At this time, THOMAS

did not have any clothes on and asked the Officers if she could put on her

nightgown. The Officers said no she could not get dressed and told her to turn

around and not to move. Defendant  BRIDGETT PENNER/JANE DOE invasively

searched THOMAS in full view of her family members and of a male police officer

standing by the door. The search included touching between THOMAS' thighs and touching her vagina.

10.     At the aforementioned time, date and place, MILLER, 27 years old, was present visiting her boyfriend, Ira Thomas. At the time police entered the apartment, MILLER was in bed with Ira Thomas and wearing nothing. A male officer, described as tall, husky, Hispanic, and dressed in a police uniform, entered the bedroom and removed the blanket off of MILLER and Ira Thomas. MILLER protested that she had no clothes, but the officer would not permit her to put on clothes. MILLER held a blanket up to her body to cover herself but one of the male officers pulled the blanket from her.

11.     Approximately four or five male officers were in or about the bedroom and able to observe MILLER naked. Approximately ten to twenty minutes later, a male plainclothes officer, described as slim, Hispanic and wearing a black ball cap entered and placed MILLER in handcuffs. Approximately twenty minutes later, MILLER was searched by a defendant BRIDGETT PENNER/JANE DOE, a female police officer, also described as White and/or Hispanic and approximately 30-years-old. This body cavity search included penetrating Miller's vagina with the officer's fingers despite Miller's protest.

12.     Plaintiffs were both detained for approximately 4 hours. While the Plaintiffs were detained, the officers searched the apartment, including inside drawers and cabinets. In the course of the search, the officers brought a police dog to the apartment. In the process of searching the apartment, the officers destroyed and/or

damaged Plaintiffs' property, including a television, a dresser, and bedroom furniture. The officers asked Plaintiffs and others present, "Where are the guns?" and, "Where are the drugs?" but never presented a warrant or stated exactly why they were searching the apartment or what they were looking for. The officers did not find drugs, guns, or any other contraband in the apartment, with the possible exception of marijuana in the possession of a non party to this matter. Plaintiffs were not charged with any offense nor removed from the apartment.

13.    THOMAS experienced pain as a result of being placed in excessively tight handcuffs for an excessive time. Thomas also experiences post-traumatic stress-like symptoms when she encounters or observes police officers. Subsequent to this incident, Thomas sought medical treatment from her physician, Dr. Katherine Gold, for back and chest pain. Miller also received treatment from Woodhull Hospital approximately two days later.

14.    Defendants ANDREW KAMNA, LEONARD CLARKE and SERGEANT CHEESEWRIGHT participated in this raid.  Defendant KAMNA acted as the overall supervisor of the raid and was involved in the pre execution planning as well as the actual entry.  Defendant KAMNA, as the overall supervisor was required to approve any strip search pursuant to NYPD rules and regulations.  It is alleged that defendant KAMNA approved the excessive searches of the plaintiffs as well as the overall treatment of the plaintiffs without regard to their Constitutional rights. Defendant CLARKE participated in the actual entry of the apartment and failed to take any steps to ensure that the Constitutional rights of the plaintiffs would be

respected.  Further, defendant CLARKE either directly participated in ensuring that the within plaintiffs were not permitted to cover their naked or almost naked bodies before the male officers or did nothing to stop it. Both defendants failed to terminate the search  when it was realized that defendants were searching an apartment in which the person sought was not present and/or that the contraband sought was not present.

15.     Defendant CHEESEWRIGHT appears to have been involved in the planning and execution of this search although it is likely he was present at the time of the search as well.  Upon belief, Defendant CHEESEWRIGHT and/or defendant KAMNA failed to ensure that the issuing magistrate was in possession of all of the facts and circumstances at the time defendants sought a warrant from the Court.  Defendants failed to terminate the search when it was clear that there was no reasonably likelihood of obtaining any contraband or persons mentioned in the warrant. Defendants failed to ensure that the search was conducted in a reasonable manner.

16.     That heretofore and on or about the 13th day of February and the 31st day of March 2017, Notices of Claim and Intention to Sue were duly served upon and filed with the CITY; said Notices were filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of THOMAS and MILLER, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

17.     That at least thirty (30) days have elapsed since the demands or claims upon which these actions are predicated was presented to CITY for adjustment or payment

thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## I. <u>FIRST CAUSE OF ACTION</u>
### Pursuant to §1983 (ILLEGAL STRIP SEARCH/ BODY CAVITY SEARCH)

18.    Paragraphs 1 through 17 are hereby realleged and incorporated by reference herein.

19.    That Defendants, including but not limited to defendant PENNER conducted illegal strip search/body cavity searches of Plaintiffs absent a requisite reasonable suspicion that Plaintiffs were concealing weapons and / or contraband.

20.    That Defendants had no legally sufficient cause to conduct a body cavity search of Plaintiffs.

21.    That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs' to an illegal strip search, in violation of his rights pursuant to the Fourth and Fourteenth  Amendments of the United States Constitution.

## II. <u>SECOND CAUSE OF ACTION</u>
### Pursuant to State Law (SEXUAL ASSAULT AND BATTERY)

22.    Paragraphs 1 through 21 are hereby realleged and incorporated by reference herein.

23.    That Defendants, including but not limited to defendant PENNER, intended to cause harmful bodily contact to Plaintiffs.

24.    That Defendants, in a hostile manner, voluntarily caused Plaintiffs physical and

garden variety psychological injuries.

25.    That Defendants' contact with Plaintiffs constituted a battery in violation of the

laws of the State of New York.

26.    That by reason of the foregoing, Plaintiffs suffered physical injuries, emotional

injuries, economic injury, humiliation, damage to reputation, and other

psychological injuries.  All of said injuries may be permanent.


III. <u>THIRD CAUSE OF ACTION</u>
Pursuant to § 1983 (ILLEGAL SEARCH)

27.    Paragraphs 1 through 26 are hereby realleged and incorporated by reference

herein.

28.    That Defendants excessively searched Plaintiffs' persons and property.

Defendants failed to announce their presence.  Defendants failed to terminate the

search when it was Constitutionally required to do so.

29.    That Defendants' searches of Plaintiffs' persons and property were unlawful in

that Defendants lacked probable cause to search Plaintiffs' persons, and searched

Plaintiffs' persons and property excessively and unreasonably.

30.    That upon information and belief, Defendant CITY has a policy and/or custom of

unlawfully searching persons and property. Plaintiffs specifically alleges a pattern

and practice of unreasonable searches of persons and property pursuant to *Monell*

*v. Dep't of Soc. Servs.*, 436 U.S. 658.

31.    By reason of the unlawful search of Plaintiffs' persons and property, Defendants,

acting in gross and wanton disregard of plaintiffs' rights, deprived Plaintiffs of

8

their privacy and property, in violation of rights secured to them under the Fourth
and Fourteenth Amendments of the United States Constitution.

## IV. <u>FOURTH CAUSE OF ACTION</u>

Pursuant to State Law and 42 USC Section 1983 (UNLAWFUL SEARCH/PROPERTY
DAMAGE)

32.     Paragraphs 1 through 31 are hereby realleged and incorporated by reference herein.

33.     Defendants unlawfully entered Plaintiffs' residence without the requisite suspicion
and/or probable cause.

34.     In so doing, defendants violated Plaintiffs' constitutionally protected rights to be
free from an unlawful search of their property.

35.     In obtaining the warrant, Defendants failed to apprise the issuing magistrate of
correct and up to date information as to the person wanted. Defendants misled the
magistrate intentionally and/or negligently in that the person wanted had not resided
in the subject apartment for several years. The issuing magistrate, had he/she known
relevant and accurate information for the subject property, would never have issued
a warrant for the subject property and therefore the damages herein resulted from
the Defendants' actions and/or omissions.

36.     By reason of the foregoing, plaintiffs' constitutionally protected rights to be free
from an unlawful search and seizure of their property were infringed.

## XI. <u>FIFTH CAUSE OF ACTION</u>
Pursuant to 42 USC Section 1983 (DUE PROCESS VIOLATION / FOURTH AMENDMENT
RIGHTS)

37.     Paragraphs 1 through 36 are hereby realleged and incorporated by reference herein.

38.     That Defendants entered Plaintiffs' apartment forcefully and failed to discontinue

the search when Constitutionally required to do so.

39.     In obtaining the warrant, Defendants failed to apprise the issuing magistrate of correct and up to date information as to the person wanted. Defendants misled the magistrate intentionally and/or negligently in that the person wanted had not resided in the subject apartment for several years. The issuing magistrate, had he/she known relevant and accurate information for the subject property, would never have issued a warrant for the subject property and therefore the damages herein resulted from the Defendants' acts and/or omissions.

40.     That said forced entry into Plaintiffs' apartment was made without exigent circumstances.

41.     That said entry constituted a search and seizure of Plaintiffs' private property and violated Plaintiffs' rights.

42.     By reason of Defendants' acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs' rights, searched and seized Plaintiffs' personal property without providing due process under the law, in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

43.     By reason of the foregoing, Plaintiffs suffered shame, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer, physical pain, emotional pain, suffering, inconvenience, injury to their reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiffs have further experienced emotional and physical distress.

WHEREFORE, Plaintiffs respectfully request that judgment be entered:

1.    Awarding Plaintiffs compensatory damages in a full and fair sum to be determined by a jury;

2.    Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

3.    Awarding Plaintiffs interest from February 2, 2017; and

4.    Awarding Plaintiffs reasonable attorney's fees pursuant to 42 U.S.C. §1988; and

5.    Granting such other and further relief as to this Court seems proper.

DATED:  Brooklyn, New York
          October 19, 2018                                      /S
                                           _____
                                           DAVID A. ZELMAN, ESQ.
                                           (DZ 8578)
                                           612 Eastern Parkway
                                           Brooklyn, New York 11225
                                           (718)604-3072

11