UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENYA THOMAS, TYANNA MILLER,

Plaintiffs,

-v-

POLICE OFFICER BRIDGET PENNER
and POLICE OFFICER ANDREW
KAMNA,

Defendants.

17-CV-8593 (JPO)

**JURY INSTRUCTIONS**

1

I.   General Introductory Instructions ...................................................................... 4
   A.   Introductory Remarks and Role of the Court ................................................. 4
   B.   The Role of the Jury ...................................................................................... 5
   C.   The Role of Counsel ...................................................................................... 5
   D.   All Parties Equal Before the Court ................................................................ 6
   E.   Burden of Proof — Preponderance of the Evidence ..................................... 6

II.   Substantive Law ................................................................................................. 7
     1.   Overview of Claims ............................................................................... 7
   A.   First Element: Under Color of State Law ...................................................... 8
   B.   Second Element: Deprivation of a Constitutional Right ............................... 9
     1.   Plaintiff Miller's Unreasonable Search Claim: Detention in the Nude ...................... 9
     2.   Plaintiff Miller's Unreasonable Search Claim: Nude Search and Body Cavity Search
        10
     3.   Plaintiff Miller's Claim: Failure to Intervene ..................................... 12
     4.   Plaintiff Thomas's Unreasonable Search Claim ................................. 13
   C.   Third Element: Proximate Cause .................................................................. 13
   D.   Battery .......................................................................................................... 14

III.   Damages – Overview ....................................................................................... 14
   A.   Compensatory Damages ............................................................................... 14
   B.   Nominal Damages ........................................................................................ 16
   C.   Punitive Damages ......................................................................................... 16

IV.   Evaluation of Evidence .................................................................................... 17
   A.   What Is Evidence ......................................................................................... 17
   A.   What Is Not Evidence .................................................................................. 17
   B.   Direct and Circumstantial Evidence ............................................................ 18
   C.   Inferences .................................................................................................... 20
   D.   Credibility of Witnesses .............................................................................. 20
   E.   Bias and Interest .......................................................................................... 22
   F.   The Parties' Admissions .............................................................................. 23
   G.   Rulings on Evidence and Objections ........................................................... 23
   H.   Jurors Not to Speculate About Person Not on Trial .................................... 24
   I.   Not All Evidence Needed ............................................................................. 24
   J.   Sympathy and Impartiality ........................................................................... 25

V.   Deliberations .................................................................................................... 25
   A.   Duty to Deliberate ....................................................................................... 25
   B.   Right to See Exhibits and Hear Testimony; Communications with Court ................... 27

C.    Juror Note-Taking ....................................................................................... 27

D.    Verdict Form ............................................................................................... 28

E.    Duties of Foreperson ................................................................................... 28

F.    Return of Verdict and Jury Oath ................................................................ 28

G.    Closing Comments ...................................................................................... 29

## I.       General Introductory Instructions

### A.       Introductory Remarks and Role of the Court

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties.  We have reached the point where you are about to undertake your final function as jurors.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

My duty at this point is to instruct you as to the law.  There are four parts to these instructions.  First, I'm going to give you some general instructions about your role and about how you are to decide the facts of the case.  These instructions really would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I will give you instructions relating to how to evaluate evidence.  Fourth, I'll give you some final instructions about procedure.

It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You must not substitute your own notions or opinions of what the law is or ought to be.

Listening to these instructions may not be easy.  It is important, however, that you listen carefully and concentrate.  I ask you for patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, it's critical that I use exactly the right words.

You'll have copies of what I'm reading in the jury room to consult, so don't worry if you miss a word or two.  But for now, listen carefully and try to concentrate on what I'm saying.

Remember, you are to consider these instructions together as a whole; you are not to isolate or give undue weight to any single instruction.

### B.        The Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You pass on the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my questions or any of my rulings on objections or anything else that I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no consequence.  It is your sworn duty, and you have taken the oath as jurors, to determine the facts.

### C.        The Role of Counsel

Just as I have my duties as a judge and you have your duties as jurors, it has been the duty of each attorney in this case to object when the other side offered testimony or other evidence that the attorney believed is not properly admissible.  It has been my duty to rule on those objections.  Therefore, why an objection was made or how I ruled on it is not your business.  You should draw no inference from the bare fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

From time to time, the lawyers and I had conferences outside of your hearing.  These conferences involved procedural and other matters, and none of the events relating to these conferences should enter into your deliberations at all.

To be clear, the personalities and the conduct of counsel in the courtroom are not at issue in any way.  If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

### D.        All Parties Equal Before the Court

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty with an attitude of complete fairness and impartiality.

The fact that the case has been brought against two police officers entitles them to no greater consideration than that accorded to any other party to a litigation.  By the same token, the officers are entitled to no less consideration.  All parties stand equal before the law.

### E.        Burden of Proof — Preponderance of the Evidence

Before I instruct you on the issues you must decide, I want to define for you the standard under which you will decide whether Tyanna Miller and Kenya Thomas, the Plaintiffs, have met their burden of proof on a particular issue.  The standard that applies in this case is the preponderance of the evidence.  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  This means that the plaintiffs must produce evidence that, considered in light of all of the facts, leads you to believe that what they claim is more likely true than not.  A preponderance of the evidence refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents, or the length of time taken by either side. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

The concept of preponderance of the evidence is often illustrated with the idea of a scale. You put on one side all of the credible evidence favoring the plaintiffs and on the other all of the credible evidence favoring the defendants. So long as you find that the scales tip, however slightly, in favor of the plaintiffs—that what they claim is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having the burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—the party must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance.

It is important to remember that this is a civil case. You may have heard of the "beyond a reasonable doubt" as a standard in criminal cases. That requirement does not apply to a civil case and you should put it entirely out of your mind.

## II.    Substantive Law

I am now going to instruct you on the substantive law to be applied in this lawsuit.

### 1.   Overview of Claims

These claims arise from a search that occurred on February 2, 2017. On February 2, 2017, members of the New York Police Department went to the apartment at 60 Moore Street, Apartment 6C, in Brooklyn, New York, to execute a search warrant. The search warrant had been lawfully issued by a judge and authorized the officers to enter the apartment without knocking to search for illegal narcotics. The search warrant carried with it the lawful authority to detain any person found inside the apartment for a reasonable period of time, and to do a

limited pat-down search of their person.  The plaintiffs were not the targets of the search warrant and were not charged with any crimes in connection with the search.

The lawfulness of the search warrant is not at issue in this trial.  Also not at issue is whether the officers were permitted to do a limited pat-down search of the plaintiffs.  The issue in this trial is the manner in which the plaintiffs were searched: that is, whether they were personally searched in an unreasonable manner.

The Plaintiffs' constitutional claims arise under Section 1983, the federal civil rights law. Section 1983 provides a remedy when a person acting under color of state law deprives someone of their constitutional rights.  This means that to recover on any of their federal claims, each plaintiff must prove by a preponderance of evidence three elements as to the relevant defendant:

<u>First</u>, that the defendant was acting under color of state law at the time of the incident.

<u>Second</u>, that in committing these acts, the defendant deprived the plaintiff of a right protected by the Constitution of the United States; and

<u>Third</u>, that the defendant's acts were the proximate cause of damages sustained by the Plaintiff.

I will now explain these elements to you.

## A.  First Element: Under Color of State Law

Whether the defendants committed the acts alleged by plaintiffs are questions of fact for you to decide.  But if you decide that either defendant committed any or all of the acts that plaintiffs claim, there is no dispute that when they did, they were acting under color of state law. I therefore instruct you that if you decide the acts occurred as the plaintiffs claim, then this element is satisfied.

**B.    Second Element: Deprivation of a Constitutional Right**

The Fourth Amendment to the Constitution protects the right of persons to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures.  First, I will address Plaintiff Miller's claim.

**1.    Plaintiff Miller's Unreasonable Search Claim: Detention in the Nude**

Plaintiff Miller claims that she was deprived of this right by in three ways.  First, that she was detained in the nude for an unreasonable amount of time while a search was conducted of the residence where she was staying.  Second, that Defendant Penner conducted an unreasonable search of her person, including a body cavity search.  And third, that Defendant Kamna failed to intervene during these deprivations of her rights.

The Fourth Amendment permits the detention of the occupants of a residence during the course of a lawful search in order to prevent flight in the event that incriminating evidence is found, to minimize the risk of harm to the officers, and to facilitate the orderly completion of the search.  However, the detention must be reasonable both in its manner and in its duration.  I instruct you that circumstances may allow the occupants of a residence to be detained in the nude so long as the nude detention lasts no longer than necessary to secure the premises to prevent the destruction of evidence, and to protect the safety of the officers conducting the search.  A nude detention that lasts longer than necessary to secure the premises or to protect the safety of the officers conducting the search is unreasonable and violates the Fourth Amendment.  When considering reasonableness of the detention, you may also consider where the search was conducted, and whether it unnecessarily precluded the subject from shielding their body from strangers of the opposite gender.

Accordingly, to establish that the defendants deprived Plaintiff Miller of her Fourth Amendment right to be free from unreasonable searches and seizures by detaining her in the nude for longer than reasonable, Plaintiff Miller must prove by a preponderance of the evidence:

First, that on February 2, 2017, she was detained in the nude for longer than necessary to secure the premises or to protect the safety of the officers conducting the search;

Second, that the defendant you are considering detained the Plaintiff in this manner and for this length of time; and

Third, that the defendant you are considering acted intentionally or recklessly.

You are instructed that an act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason. An act is reckless if done in conscious disregard of its known probable consequences. In other words, even if a defendant did not intentionally seek to deprive Plaintiff Miller of her constitutional rights, if nevertheless he or she purposely disregarded the high probability that his actions would deprive Plaintiff Miller of her constitutional rights, then he or she has acted recklessly.

**2. Plaintiff Miller's Unreasonable Search Claim: Nude Search and Body Cavity Search**

Plaintiff Miller also claims that Defendant Penner deprived her of her rights by conducting an unreasonable search of her person, including a body cavity search, and that Defendant Kamna failed to intervene.

First, I will address the searches. The Fourth Amendment generally proscribes, that is, prohibits, unreasonable intrusions on one's bodily integrity, and other harassing and abusive behavior that rises to the level of an unreasonable seizure. Whether the level of invasiveness of a

search is reasonable under the Fourth Amendment depends on the totality of the circumstances. Factors that may be considered in evaluating this include the facts known to the officer at the time, the balance of the privacy-related interest of the subject being searched and the law enforcement concerns at play, the circumstances of the search, the crime suspected, the particular characteristics of the arrestee, and the characteristics of the location of the search.

A search of a subject under the Fourth Amendment may consist of a careful exploration of the outer surfaces of a person's clothing all over the body including the breasts, waistband and back, groin area, and the entire surface of the legs down to the feet.  The more invasive the search, however, the more is required to justify it.  For example, a search of a nude subject is more invasive than a search of a clothed subject, and accordingly requires higher justification under the Fourth Amendment.  If you find that Plaintiff Miller was subjected to a physical search in the nude, you may find that this search was an unreasonable strip search under the Fourth Amendment.

A body cavity search is even more invasive and again, requires higher justification under the Fourth Amendment.  A search warrant carries the right to do a limited pat down search but does not, without more, justify a body cavity search. If you find that Plaintiff Miller was subjected to a body cavity search, you will find that she was subjected to an unreasonable search under the Fourth Amendment.

Therefore, to conclude that Defendant Penner deprived Plaintiff Miller of her Fourth Amendment right to be free from unreasonable searches and seizures by conducting an unreasonable search, Plaintiff Miller must prove by a preponderance of the evidence:

First, that on February 2, 2017, she was searched by Defendant Penner;

<u>Second,</u> that the search occurred in an unreasonable manner.  This means that the search occurred in the manner Plaintiff Miller alleges, that is, in a manner that included unreasonably invasive touching; and

<u>Third</u>, that Defendant Penner acted intentionally or recklessly.

### 3.  Plaintiff Miller's Claim: Failure to Intervene

Now I will address Plaintiff Miller's claim that Defendant Kamna failed to intervene.  All law enforcement officers have an affirmative duty to intervene to protect the Constitutional rights of citizens from infringement by other law enforcement officials in their presence.  I instruct you that an officer who fails to intervene is liable for the preventable harm caused by the actions of another officer if that officer either observes or has reason to know that a constitutional violation is occurring.  To find a failure to intervene, you must find four things by a preponderance of the evidence:

<u>First,</u> you must find that Plaintiff Miller was detained in the nude longer than necessary to secure the premises or to protect the safety of the officers conducting the search, and/or that Defendant Penner conducted an unreasonable search of Plaintiff Miller.

<u>Second,</u> you must also find that Defendant Kamna observed those actions and knew they were unlawful;

<u>Third</u>, that Defendant Kamna had a reasonable opportunity to intervene, meaning he had a realistic opportunity to prevent the harm from occurring; and

<u>Fourth,</u> that Defendant Kamna failed to take reasonable steps to prevent the violation of Plaintiff Miller's constitutional rights.

### 4.   Plaintiff Thomas's Unreasonable Search Claim

Plaintiff Thomas claims that Defendant Penner deprived her of her rights under the Constitution by performing an unreasonable search on her person in which she touched her genitals while she was unclothed.  I explained to you before the standards governing what manner of search is reasonable under the Fourth Amendment; they are the same here.

Therefore, to conclude that Defendant Penner deprived Plaintiff Thomas of her Fourth Amendment right to be free from unreasonable searches and seizures by conducting an unreasonable search, Plaintiff Thomas must prove by a preponderance of the evidence:

First, that on February 2, 2017, she was searched by Defendant Penner;

Second, that the search occurred in an unreasonable manner.  This means that the search occurred in the manner Plaintiff Thomas alleges, that is, in a manner that included unreasonably invasive touching, or was otherwise unreasonably intrusive under the circumstances; and

Third, that Defendant Penner acted intentionally or recklessly.

### C.     Third Element: Proximate Cause

The final element that the Plaintiffs must prove by a preponderance of the evidence is that the defendant you are considering proximately caused any damages that the Plaintiff has proved she sustained.

Proximate cause means that there must be a sufficient causal connection between the act or omission of the defendant and any injury or damage sustained by the plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing

13

injury, that is, if the injury or damage was a reasonably foreseeable consequence of that defendant's act.

A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

### D.      Battery

Now Battery.  Plaintiffs also claim that Defendant Penner committed the New York state law tort of battery.  Battery is when a person intentionally touches another person without that person's consent and causes an offensive bodily contact.  If you find that Defendant Penner conducted an unlawful search of either plaintiff that included unreasonable touching of their genitals, then you will find that Defendant Penner committed a battery.

## III.      Damages – Overview

No I'm going to turn to damages.  I will now instruct you on the law for measuring damages.  The fact that I am instructing you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to damages are given for your guidance only in the event you should find in favor of either plaintiff in accordance with my other instructions.

### A.  Compensatory Damages

If you find that at least one of the defendants is liable to either of the plaintiffs on any of her claims, then, pursuant to my instructions below, you should award the plaintiff the sum that

you find will fairly and justly compensate her for any injuries she has proven by a preponderance of the evidence were caused by that defendant's conduct.

The damages must be fair and reasonable, neither inadequate nor excessive.  You should not award damages for speculative injuries, but only for those injuries that the plaintiff has actually suffered because of the defendant's conduct.  It is the plaintiff's burden to prove the amount of damages and to prove that the damages were caused by the defendant's actions.  The purpose of such an award of damages is not to punish the defendant.

The plaintiffs may be awarded damages for conscious pain and suffering.  Pain and suffering means any mental suffering, including emotional suffering.  Conscious pain and suffering means pain and suffering of which there was some level of awareness by the plaintiff.  In determining the amount, if any, to award either plaintiff for pain and suffering, you may take into consideration the effect that her injuries may have on her ability to enjoy life.  There is no requirement that evidence of the monetary value of such intangible things as pain and suffering be introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these elements of damages.  Any award you make should be fair in light of the evidence presented at trial.

The plaintiffs may not recover twice for the same injury, even if you have found the defendants liable on more than one of the plaintiffs' claims.  Accordingly, any damages award on one claim must be limited to any injury you find that the plaintiff has proven for that claim that is over and above whatever injury you have already compensated by an award on any other claim.

### B.      Nominal Damages

If you find in favor of either plaintiff on her Section 1983 claim, but you find that her damages either have no monetary value or that you are unable to compute compensatory damages except by engaging in pure speculation and guessing, then you must award that plaintiff what are called nominal damages.  Nominal damages are intended to confirm your judgment that, even if no actual damages were proved, liability was found.

### C.      Punitive Damages

Now punitive damages.  If you find that there is liability, whether or not you award compensatory damages, you must also consider whether to award punitive damages.  Punitive damages may be awarded as a punishment to the defendants for extreme or outrageous conduct or as a warning to others to keep them from following the defendants' example.

You may, but you are not required to, award punitive damages if you determine that either plaintiff has proved, by a preponderance of the evidence, that the acts or omissions of the defendants were done maliciously or wantonly.  An act or failure to act is malicious if it was prompted by ill-will or spite toward the plaintiff.  An act or failure to act is wanton if it was done with a reckless or callous disregard for the plaintiff's rights.

If you find that the plaintiff has proved by a preponderance of the evidence that either of the defendants acted with actual malice or in wanton and willful disregard of her rights, then you may award punitive damages against that particular defendant either as punishment, to deter others, or both.  An award of punitive damages is discretionary; that is, if you find the legal requirements to award punitive damages are met, then you may decide to award punitive damages or you may decide not to award them.

Should you decide to award punitive damages, you should bear in mind that the amount is not intended to compensate the plaintiffs for injuries but rather to punish the defendant or to prevent similar conduct in the future.  You should also consider whether actual damages may be adequate to punish the defendant or deter similar conduct, or whether the conduct was so extreme or outrageous that actual damages are not adequate for these purposes.

## IV.    Evaluation of Evidence

### A.    What Is Evidence

Now, I have repeatedly referred to the evidence in this case. This raises an important question: what is evidence? I instruct you that evidence consists of the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulations of the parties, of which I don't believe there were any. In determining the facts, you must rely upon your own recollection of the evidence.

#### 1.  Sworn Testimony of Witnesses

You have heard testimony from witnesses who spoke under oath.

### A.  What Is Not Evidence

What, then, is not evidence? I instruct you that the following does not count as evidence:

#### 1.  Stricken or Excluded Testimony Is Not Evidence

Testimony that I have stricken or excluded is not evidence. You may not use it in rendering your verdict. If certain testimony was received for a limited purpose, you must follow the limiting instructions I have given, and use the evidence only for the limited purpose I indicated.

#### 2.  Exhibits Not Received into Evidence Are Not Evidence

Any exhibit that was not received into evidence is not evidence. Thus, exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

### 3. Arguments by Lawyers Are Not Evidence

Arguments by the lawyers are not evidence. The reason is simple: advocates are not witnesses. The opening and closing arguments of both sides explain how each side wants you to analyze the evidence, which consists of the testimony of witnesses, the documents and other exhibits that were entered into evidence, and the stipulations of the parties. What the lawyers have said to you is intended to help you understand the evidence—or the lack of evidence—as you deliberate to reach your verdict. However, if your recollection of the facts differs from the lawyers' opening statements, questions to witnesses, or summations, it is your recollection that controls, not theirs. For the same reasons, you are not to consider a lawyer's or a party's questions as evidence. Only the witnesses' answers are evidence.

### 4. Statements of the Court Are Not Evidence

Any statements that I may have made do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

### B.      Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in reaching your verdict, direct evidence and circumstantial evidence.  Direct evidence is direct proof of a fact, such as when a witness testifies to a fact based on what he or she personally saw, heard, or observed.  In other words, when a witness testifies about a fact in issue that is known of the witness's own knowledge—by virtue of what he or she sees, feels, touches, or hears—that is called direct evidence of that fact.  Direct evidence may also be in the form of an exhibit.

18

Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. The word "infer"—or the expression "to draw an inference"—means to find that a fact exists from proof of another fact. In deciding whether to draw an inference, you must look at and consider all the facts in the light of reason, common sense, and experience. Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide. Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more.

For example, assume that when you came into the Courthouse this morning the sun was shining and it was a nice day outdoors. Also assume that the courtroom blinds were drawn and you could not look outside. Assume further that, as you were sitting here, someone walked in with an umbrella that was dripping wet and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of the fact that it was raining. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact. The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proven.

Circumstantial evidence is of no less value than direct evidence.  The law makes no distinction between the two, but simply requires that you, the Jury, decide the facts in accordance with all the evidence, both direct and circumstantial.

**C.    Inferences**

During the trial, you may have heard me or the lawyers use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, that you infer some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact you know exists.

There are times when different inferences may be drawn from the facts, whether proved by direct or circumstantial evidence.  The plaintiffs ask you to draw one inference, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted to draw—but not required to draw—from the facts that have been established by direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

**D.    Credibility of Witnesses**

You have had the opportunity to observe the witnesses, who for the most part, were also the parties in this case. It will now be your job to decide how believable each witness was in his

or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

To that end, I am going to give you some general instructions on how you may determine whether witnesses are credible and reliable, whether witnesses told the truth at this trial, and whether they knew what they were talking about. It is really just a matter of using your common sense, your good judgment, and your experience.

First, consider how well the witness was able to observe or hear what he or she testified about. The witness may be honest, but mistaken. How did the witness's testimony impress you? Did the witness appear to be testifying honestly and/or candidly? Were the witness's answers direct or were they evasive? Consider the witness's intelligence, demeanor, manner of testifying, and the strength and accuracy of the witness's recollection. Consider whether any outside factors might have affected a witness's ability to perceive events.

Consider the substance of the testimony. How does the witness's testimony compare with other proof in the case? Is it corroborated or is it contradicted by other evidence? If there is a conflict, does any version appear reliable, and if so, which version seems more reliable?

You may consider whether a witness had any possible bias or relationship with a party or any possible interest in the outcome of the case. Such a bias or relationship does not necessarily make the witness unworthy of belief, but it can. These are simply factors for you to consider.

In passing upon the credibility of a witness, you may also take into account any inconsistencies or contradictions as to material matters in his or her testimony.

In summary, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or

21

impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in the light of all the other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

If you find that a witness has testified falsely as to any material fact or if you find that a witness has been previously untruthful when testifying under oath or otherwise, you may reject that witness's testimony in its entirety or you may accept only those parts that you believe to be truthful or that are corroborated by other independent evidence in the case.

It is for you, the jury, and you alone—not the lawyers, not the witnesses, and not me as the judge—to decide the credibility of witnesses who testified and the weight that their testimony deserves. The ultimate question for you to decide in passing upon credibility is: Did the witness tell the truth before you?

### E.      Bias and Interest

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witnesses may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.  You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.  In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth.  It is for you to decide from your observations and by applying your common sense and experience and all the other considerations mentioned whether the possible interest of any witness has intentionally or otherwise colored or distorted his or her

testimony.  You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

### F.       The Parties' Admissions

You have also heard evidence during the trial of statements made by the parties before the trial, including statements made during other parts of this litigation.  You may consider the prior statements of the parties as admissions, which means that evidence of a prior inconsistent statement by a witness who is a party to this action may be considered by you as affirmative evidence in determining liability and for purposes of helping you decide whether to believe the testimony of that party.

In making these determinations, you may consider whether there was, in fact, any inconsistency, whether the witness purposely made a false statement, or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it was a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appeals to your common sense. It is your duty, based on all the evidence and your own good judgment, to decide how much weight to give any such inconsistency.

### G.       Rulings on Evidence and Objections

As I have already explained, you should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections. By the same token, nothing I say is evidence. If I commented on the evidence at any time, do not accept my statements in place of your recollection or your interpretation. It is your recollection and interpretation that govern.

Further, do not concern yourself with what was said at side-bar conferences or during my discussions with counsel. Those discussions related to rulings of law.

23

At times I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up. At times I asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine. Nor should you infer that I have any views as to the credibility of any witness, or to the weight of the evidence, or as to how you should decide any issue that is before you. That is entirely your role.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all the evidence.  If, however, I sustained an objection to any evidence, or if I ordered evidence stricken or disregarded, that evidence must be entirely ignored.

### H.      Jurors Not to Speculate About Person Not on Trial

During the trial, you heard the names of other individuals mentioned in connection with this case.

   I instruct you that you may not draw any inference, favorable or unfavorable, towards either party from the fact that any other person is not on trial here.  Further, you may not speculate as to the reasons why those other people are not on trial, or what became of them in the legal system.  Those matters are wholly outside your concern and have no bearing on your duties as jurors in this case.

### I.      Not All Evidence Needed

The law does not require a party to call as witnesses all persons who may have been involved in the case or who may appear to have some knowledge of the matters at issue at this

trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned during the case.

Each party has had an equal opportunity or lack of opportunity to call any witness. Therefore, you should not draw any inference or reach any conclusions as to what any uncalled witnesses would have said if the witness had been called.

### J.      Sympathy and Impartiality

Under your oath as jurors, you are not to be swayed by sympathy.  You are to be completely fair and impartial.  You are to be guided solely by the evidence, or the lack of evidence, in this case, without regard to the consequences of your decision.  The crucial question you must ask yourselves as you sift through the evidence is whether the plaintiff has proven the elements of each claim by a preponderance of the evidence.

It would be improper for you to consider, in deciding the facts of this case, any personal feelings you may have about the race, religion, national origin, sex, sexual orientation, disability, or age of any party or witness, or any other such irrelevant factor.  It would also be improper for you to consider any sympathy you might feel for an individual in a lawsuit.

You should consider and decide this case as a dispute between parties of equal standing in the community, of equal worth, and holding the same or similar situations in life.

## V.      Deliberations

### A.      Duty to Deliberate

You will now retire to decide the case. Your function is to weigh the evidence in this case and to determine whether the plaintiffs have established their claims with a preponderance of the evidence. You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

25

Your verdict must be unanimous. This means that each and every one of you must agree upon your verdict. Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors. This is the very essence of jury deliberation. It is your duty to consult with one another and to deliberate with a view to reaching an agreement. If you start with one point of view, but after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is one that truly satisfies your judgment and conscience. But you are not to surrender a view of the case that you conscientiously believe, merely because you are outnumbered or because other jurors appear firmly committed to their views. You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case.

In sum, you, the jury, must deliberate as a body, but each of you, as an individual juror, must discuss and weigh your opinions dispassionately, and adopt that conclusion which in your good conscience appears to be in accordance with the truth. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

I instruct you that you are not to discuss the case unless all jurors are present. Four or five jurors together are only a gathering of individuals. Only when all eight of you are present do you constitute a jury and only then may you deliberate.

Remember at all times, you are not partisans. You are judges — judges of the facts. Your sole interest is impartially to assess the evidence to determine whether the plaintiffs has established its claims with a preponderance of the evidence.

If you are divided, do not report how the vote stands. Simply state that you are divided. If you have reached a verdict, do not report what it is until you are asked in open court. Simply inform me by a note that you have reached a verdict.

**B.      Right to See Exhibits and Hear Testimony; Communications with Court**

You are about to go into the jury room and begin your deliberations. The exhibits that were received into evidence will be provided to you in the jury room. Also a copy—eight copies—of this instruction will be provided to you.

If you want any of the testimony to review, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony. If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for testimony — in fact any communications with the Court — should be made to me in writing, signed by your foreperson, and given to the Marshal or the deputy clerk. In any event, do not tell me or anyone else how the jury stands on any issue until there is a unanimous verdict.

**C.      Juror Note-Taking**

If you took notes during the trial, those notes are only an aid to recollection — they are not evidence, nor are they a substitute for your recollection of the evidence in the case. Your notes are not entitled to any greater weight than your actual recollection or the impression of each juror as to what the evidence actually is. I emphasize that if you did take notes, you should not show your notes to any other juror during your deliberations, they are only for yourself.

If you did not take notes during the trial, you should not be influenced by the notes of another juror, but instead you should rely on your own recollection of the evidence. The fact that a particular juror has taken notes does not entitle that juror's views to any greater weight.

### D.      Verdict Form

I have prepared a verdict form for you to use in recording your decision.  That verdict form will be sent into the jury room with you to inform your deliberations.  Please use that form to report your verdict. The verdict form does not represent either evidence or instructions on the law.

### E.      Duties of Foreperson

At the beginning of deliberations, you must choose a foreperson. The foreperson does not have any more power or authority than any other juror, and his or her vote or opinion does not count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the Court. He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict, and you will come into open court to give the verdict.

### F.      Return of Verdict and Jury Oath

After you have reached a unanimous verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict that is announced in Court. Once your verdict is announced in open court and officially recorded, it cannot ordinarily be revoked.

You are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and the applicable law.

I am sure that if you follow your oath, listen to the views of your fellow jurors, and apply your own common sense, you will reach a fair verdict here. Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

### G.    Closing Comments

Again, all litigants stand equal in this courtroom.  All litigants stand equal before the law. And all litigants stand equal before you.  Your duty is to decide between these parties fairly and impartially, to see that justice is done, all in accordance with your oath as jurors.

We will now swear in the marshall.

I want to thank you for your time and attentiveness.  I will say that the first note you send out, via the marshal, should indicate who your forperson is.

You may now begin your deliberations.